**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.  **ED CV 26-801-JFW(AYP)** | Date:  March 11, 2026 |

Title:     Arturo Villatoro-Lopez -v- Shannon Dicus, et al.

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING IN PART PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [filed 2/25/26; Docket No. 3]

On February 25, 2026, Petitioner Arturo Villatoro-Lopez ("Petitioner") filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion").  On March 2, 2026, Respondents Shannon Dicus, David Marin, Kristi Noem, the Executive Office for Immigration Review, the U.S. Department of Homeland Security ("DHS"), and the San Bernardino Sheriff's Department (collectively, "Respondents") filed their Response.[1]  On March 3, 2026, Petitioner filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 16, 2026, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[2]

Petitioner, who is a 28 year old citizen of Guatamala, entered the United States on August 14, 2011, without a visa at or near Hidalgo, Texas and was taken into DHS custody.  On August 16, 2011, Petitioner was released from DHS custody pursuant to an Order of Release on

---

[1] Because Respondents had notice and an opportunity to respond and Petitioner thoroughly briefed the issues, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Motion as a motion for preliminary injunction

[2] Although the allegations have not been properly verified, the Court has included allegations from Petitioner's Petition and Motion in order to provide adequate background.  *See* Local Rule 83-16.2.

Recognizance.  On June 6, 2016, an Immigration Judge entered an Order administratively closing the immigration proceedings against Petitioner.

Petitioner has worked for the same employer AA Tech Roadside Solutions, a towing, roadside assistance, and tire shop, since he was 16 years old.  Petitioner is also an active member and volunteer with his church, Ciudad En Lo Alto.  Petitioner has established ties with his community, including a serious relationship with and plans to marry a United States citizen.

On January 15, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") in Canyon Country, California while driving to work.  Since his arrest, Petitioner has been detained at Desert View Annex Detention Facility located in Adelanto, California.  According to Petitioner, he does not have any convictions that would trigger a mandatory detention.  The immigration proceedings against Petitioner have been re-opened.

On February 17, 2026, an Immigration Judge denied Petitioner's request for a custody redetermination pursuant to 8 C.F.R. § 1236 on the grounds of "[n]o jurisdiction/mandatory detention."

On February 19, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), alleging a single claim for violation of the Fifth Amendment right to due process.  In his Petition, Petitioner argues that he is eligible to be released on conditional parole or bond pursuant to 8 U.S.C. § 1226(a).

In his Motion, Petitioner also seeks on Order from this Court ordering Respondents to immediately release Petitioner from detention and enjoining Respondents from re-detaining Petitioner.  Petitioner also requests that the Court issue an Order to Show Cause why a preliminary injunction should not issue.

In their Response, Respondents state in relevant part:

> The Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). . . .
>
> While the Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a).  Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it.
>
> To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days.

**II.    LEGAL STANDARD**

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

The Ninth Circuit distinguishes between "mandatory" and "prohibitory" injunctions.  *Hernandez v. Sessions*, 872 F.3d 976, 997–98 (9th Cir. 2017).  Prohibitory injunctions maintain the status quo, preventing further constitutional violations.  *Id.* at 997.  By contrast, mandatory injunctions go further, ordering "a responsible party to 'take action.'"  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 879 (9th Cir. 2009) (*quoting Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996)).  A mandatory injunction "'goes well beyond simply maintaining the status quo [and is thus] . . . particularly disfavored.'"  *Id*. (*quoting Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)).  Accordingly, the Ninth Circuit has held that mandatory injunctions "should not be approved in the absence of a risk of 'extreme or very serious damage.'"  *Hernandez*, 872 F.3d at 997 (*quoting Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879).  Mandatory injunctions are most likely to be appropriate when "the status quo . . . is exactly what will inflict the irreparable injury upon complainant."  *Id.* (*quoting Friends for All Children, Inc. v. Lockheed Aircraft Corp*., 746 F.2d 816, 830 n.21 (D.C. Cir. 1984)).

### III.  DISCUSSION

In light of the Government's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, Petitioner's Motion for a temporary restraining order and preliminary injunction is **GRANTED in part**.  The Court **ORDERS** that Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.

The Court, however, will not grant Petitioner the additional relief he seeks, because he has failed to meet his burden to establish that he is likely to succeed on the merits, or show serious questions going to the merits, of his claims on the record before the Court at this time.  *Winter*, 555 U.S. at 22.  Although a Court may grant a TRO based on "evidence that is less complete than in a trial on the merits" (*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)), Petitioner relies solely on argument and factual allegations that lack evidentiary support.  Indeed, Petitioner merely relies

on the factual allegations contained in his Petition, which are not verified by Petitioner or anyone with personal knowledge of the facts.  Instead, the verification was provided by his attorney Tucker H. Sandler ("Sandler"), who fails to set forth the reason why it has not been verified by the person in custody in violation of Local Rule 83-16.2.  In addition, Sandler does not have personal knowledge of the facts alleged in the Petition and, instead, simply states that the factual allegations in the Petition "are true and correct to the best of my knowledge."  Moreover, beyond several character reference letters attached to the Motion, Petitioner failed to attach any exhibits to either the Petition or the Motion from which the Court may glean additional facts.  Although Petitioner attached several exhibits to his Reply, those exhibits are not authenticated.  As a result, Petitioner has failed to provide any admissible evidence to support his claims.

     The Court recognizes that at this stage of the proceedings it "may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  However, given that the allegations of the Petition were not properly verified in accordance with Local Rule 83-16.2 and Plaintiff has failed to provide any additional evidentiary support for his Motion, the Court will not grant Petitioner any relief beyond the bond hearing.

     Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).  In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (citation omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).  In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted.  In addition, a bond would pose a hardship on Petitioner.  Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

     IT IS SO ORDERED.